KIRK D. MILLER, P.S.
211 E Sprague Avenue
Spokane, WA 99202
(509)413-1494 Telephone
(509)413-1724 Facsimile

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELLE OGRIN,<br><br>       Plaintiff,<br><br>  vs.<br><br>DYNAMIC COLLECTORS, INC., a Washington corporation; and COLETTE THOMPSON,<br><br>       Defendants. | Case No.: 2:14-CV-014-TOR<br><br>COMPLAINT<br><br>(JURY DEMANDED) |

Plaintiff Michelle Ogrin, through her attorney Kirk D. Miller of Kirk D. Miller, P.S., alleges the following:

I. COMPLAINT

1.1. This is an action for damages and remedies against Dynamic Collectors, Inc. (hereinafter "Dynamic") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

/////

/////

COMPLAINT 1

## II. JURISDICTION & VENUE

2.1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and 28 U.S.C. § 1331. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.

2.2. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendants conduct affairs and transact business in this District, the unlawful acts giving rise to this Complaint occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the court.

## III. PARTIES

3.1. Plaintiff Michelle Ogrin is a resident of the state of Washington, residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

3.2. Plaintiff Michelle Ogrin is a natural person.

3.3. The Defendant alleged that Michelle Ogrin was obligated to pay a debt.

3.4. Plaintiff Michelle Ogrin is a "consumer" as defined by the FDCPA 15 U.S.C. § 1692a(3).

COMPLAINT 2

3.5. The alleged debt was an obligation of Plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.6. Defendant Dynamic is a collection agency that is licensed to conduct business in the state of Washington.

3.7. Defendant Dynamic attempted to collect a "debt" as defined by FDCPA 15 U.S.C. §1692a(5).

3.8. Defendant Dynamic regularly uses the telephone in its attempts to collect debts.

3.9. Defendant Dynamic uses instrumentalities of interstate commerce or the mails in its business.

3.10. Defendant Dynamic uses the mail in its attempts to collect debts.

3.11. Defendant Dynamic is a Washington corporation engaged in the business of collecting debts that are originally owed to another.

3.12. Defendant Dynamic regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

3.13. Defendant Dynamic is a "debt collector" as defined by the FDCPA 15 U.S.C. §1692a(6).

3.14. Defendant Colette Thompson is the employee of Defendant Dynamic who called Plaintiff's mother's cellular telephone on January 7, 2014.

COMPLAINT 3

3.15. Defendant Colette Thompson uses instrumentality of interstate commerce, including the telephone or the mails, in the course and scope of her employment at Defendant Dynamic, in her attempts to collect debts.

3.16. Defendant Colette Thompson is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

3.17. All acts and omissions by Colette Thompson were done on her own behalf and on behalf of her employer, Defendant Dynamic.

3.18. Defendant Dynamic is jointly and severably liable for the acts and omissions of its agent, Defendant Colette Thompson, through the doctrine of respondent superior.

## IV. FACTS

4.1. Dynamic alleged that sometime prior to January 7, 2014, Plaintiff incurred a debt.

4.2. The alleged debt is an obligation incurred primarily for personal, family or household purposes.

4.3. On January 7, 2014, Colette Thompson, an employee of Defendant Dynamic, called Plaintiff's mother's cellular telephone.

4.4. On January 7, 2014, Colette Thompson called Plaintiff's mother's cellular telephone.

COMPLAINT 4

4.5. Plaintiff's mother is not the Plaintiff's spouse, guardian, executor, administrator, attorney, or a consumer reporting agency.

4.6. Plaintiff's mother is not the creditor, attorney of creditor, or attorney of the debt collector.

4.7. Plaintiff never authorized Colette Thompson or Dynamic Collectors, Inc. to communicate with any third party for any purpose.

4.8. Colette Thompson knew or should have known that Plaintiff's mother's cellular telephone was not a legal medium to communicate with the Plaintiff regarding Plaintiff's debt.

4.9. Colette Thompson's January 7, 2014, call to Plaintiff's mother was an attempt to collect a debt.

4.10. Colette Thompson's January 7, 2014, call to Plaintiff's mother was a "communication" as defined by 15 USC §1692a(2).

4.11. Colette Thompson's January 7, 2014, call to Plaintiff's mother was not an attempt to obtain location information.

4.12. Colette Thompson did not state at any time during her January 7, 2014, phone call to Plaintiff's mother that she was confirming or correcting location information concerning the Plaintiff.

4.13. Colette Thompson disclosed during the January 7, 2014, phone call that she was calling on behalf of Defendant Dynamic.

COMPLAINT 5

4.14. Colette Thompson disclosed during the January 7, 2014, phone call that her call was an attempt to collect a debt.

4.15. Plaintiff suffered negative emotions as a result of Colette Thompson disclosing to a third party that she works for a known debt collection company.

4.16. As a result of Colette Thompson's January 7, 2014, communication, Plaintiff suffered negative emotions including anxiety, embarrassment and anger.

### V. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

5.1. Defendant Dynamic communicated with a third party in connection with the collection of an alleged debt and in violation of 15 USC § 1692c(b).

5.2. The debt collector, Defendant Dynamic, through its own acts, by and through its agents and employees, and through its policies and procedures, has violated the FDCPA which has caused damage to Plaintiff.

### VI. DEMAND

WHEREFORE, Plaintiff demands judgment as follows:

6.1. Actual damages;

COMPLAINT 6

6.2. Statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(1).

6.3. Statutory damages against each of the Defendants in the amount of two thousand dollars ($2000.00), pursuant to the FDCPA 15 U.S.C. § 1692k(a)(2)(A).

6.4. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. §1692k(a)(3);

6.5. For such other and further relief as may be just and proper.

DATED this 13th day of January, 2014.

Kirk D. Miller, P.S.

/s Kirk D. Miller  
Kirk D. Miller, WSBA # 40025  
Attorney for Plaintiff

COMPLAINT 7